IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 3:06-cr-30170-GPM |
| ) | |
| LOUIS MCCOTTRELL, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on the Motion to Detain (Doc. 5) filed by the United States on December 18, 2006. For the reasons set forth below, the motion is **DENIED**.

#### BACKGROUND

On December 21, 2006, this Court held a detention hearing on Louis McCottrell ("Defendant"). At the hearing, the Court took judicial notice of the pretrial services report and the underlying indictment. The government proffered evidence that Defendant would be a danger to the community and a flight risk if released on a bond, moving that the Court detain him pending the trial. In turn, Defendant proffered evidence in opposition to the government.

#### DISCUSSION

18 U.S.C. §3142 provides that a person charged with an offense may be released on personal recognizance or bond, released with conditions, or detained pursuant to subsection (e). Detention is required if the Court finds that there is "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e). Upon motion by the government, when certain offenses are charged or when there is a risk of flight or obstruction of justice, a detention hearing is held in which the government has a clear and convincing burden to show that detention is

appropriate. 18 U.S.C. §3142(f).  However, if the Defendant is subject to the provisions of subsection (e), a rebuttable presumption arises in favor of detention.  This presumption imposes on the defendant only a burden of production – the burden of persuasion concerning the risk of flight and dangerousness remains with the government.  United States v. Portes, 786 F.2d 758,764 (7th Cir. 1985).  The Seventh Circuit Court of Appeals has held that to rebut the presumption, defendants need not produce evidence that they are innocent of the charged crime.  Rather, they may show that "the specific nature of the crimes charged or . . .something about their individual circumstances" suggest that they are not dangerous or likely to flee.  United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).

In the case at bar, the rebuttable presumption applies.  Accordingly, the government argued at the hearing that the circumstances giving rise to the indictment indicate that Defendant would be a danger to the community and a flight risk if released on a bond.  More specifically, the government stressed that the quantity of drugs involved is considerably large.  In response, Defendant argued that, although he stands accused of a serious crime, he nonetheless has relatively little criminal history, which indicates that he poses no threat to the community.  Defendant also argued that because he took the initiative to self-surrender after learning of the indictment against him, the government and the Court should not consider him a flight risk.  Lastly, Defendant asked the Court to take notice of the pretrial services report, which recommends that Defendant be released on a bond and proposes conditions to address the risks of nonappearance and danger.  Defendant stated that the proposed conditions are reasonable in light of the facts here and stated further that he would willingly comply with those conditions if he were released on a bond.

Section 3142(g) sets forth the factors for the judicial officer to consider in determining whether to release a defendant. These factors must be considered whenever release is sought.  The factors are:

> 1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> 2) the weight of the evidence against the person;
>
> 3) the history and characteristics of the person, including—
>
>> (A) the persons character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> 4) the nature and seriousness of the danger to any person or the community that would be posed by the persons release.

The Seventh Circuit has warned that the trial court may not disregard any of these factors. United States v. Torres, 929 F.2d 291, 291-92 (7th Cir. 1991) (stating, for example, "[i]f, as the statue provides, family ties are relevant to the probability of flight, a judge may not rebuff all evidence about the subject").

The Court finds that while the government's proffer colors one of the Torres factors, Defendant's proffer, along with the pre-trial services report, is sufficient to color the balance of the remaining factors.  On balance, the government's proffer did not satisfy its burden of

persuasion in that, by proffering that the Defendant had a large amount of a controlled substance, it merely showed the weight of the government's case,[1] which "is only one of the factors relevant to detention." United States v. Dominguez, 783 F.2d 702, 706-707 (7th Cir. 1986) ("The burden of persuasion remains with the government once the burden of production is met."). Defendant's proffer, however, was sufficient to meet its burden of production on the question of whether "release conditions will reasonably assure the safety of the community." Id. at 707. More specifically, the Court finds relevant the fact that Defendant's criminal history is limited to a single conviction for what appears to be a misdemeanor theft. It is also relevant that Defendant, now 33 years of age, has been in the community for 27 years without a single criminal conviction relating to violence or controlled substances. Likewise, he has no history of illegal drug use or alcohol abuse. Also, the pretrial services report indicates that Defendant has significant family ties to the community, is currently employed as the owner of a real-estate investment company, and maintains two rental/investment properties in the community. The Court also considers it relevant that nearly a dozen of his family members expressed their confidence and support of him by attending his detention hearing. As such, the Court has no reason to believe that he will suddenly begin to pose a threat to his community while he awaits trial.

In respect to whether Defendant poses a flight risk, the Court finds relevant the fact that Defendant self-surrendered when he learned of the indictment. Also, as stated above, Defendant is a long time resident of this area and has significant family ties. See Torres, supra, at 292

---

[1] The government also proffered that a law enforcement agent saw Defendant carrying a firearm and that a firearm was recovered from a hotel room that Defendant had vacated. However, to date, the government has not charged him with any violations of federal firearms statutes.

(stating that "family ties are relevant to the probability of flight"). Further, he has agreed to all of the conditions set forth in the pretrial services report to alleviate the perceived risk of his nonappearance at trial. Those conditions include submitting a $50,000 unsecured bond,[2] residing at his known address in East St. Louis, and refraining from traveling beyond the boundaries of Illinois' Southern District and Missouri's Eastern District. In addition to those and other conditions listed in the pretrial services report, the Court imposes the condition that Defendant be electronically monitored to ensure that the Pretrial Services Office can track his whereabouts. The Court finds that the imposition of these numerous conditions is sufficient to alleviate the perceived risk of flight, and ultimately finds, pursuant to Section 3142(g), that Defendant poses neither a threat to the community nor a risk of flight.

As such, the Court orders Defendant released on $50,000 secured bond, with the condition that he comply with the numerous other conditions set forth in the pretrial services report and the Court-imposed condition that he submit to electronic monitoring.

## CONCLUSION

For the forgoing reasons the government's Motion to Detain (Doc. 5) is **DENIED** and Defendant is released subject to the conditions indicated above.

**DATED: December 29, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] The pretrial services report recommends a $50,000 unsecured bond. However, this Court requires a $50,000 bond secured by the deeds of various real estate properties that Defendant's family has surrendered to the Court.